IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CAROL L. GRAY PIZZUTO,

    Plaintiff,

v.                                                                                     Civil Action No. 5:12-cv-149

SCOTT R. SMITH, et al.,

    Defendants.

## REPORT & RECOMMENDATION THAT DEFENDANTS' MOTIONS FOR PRE-FILING RESTRICTIONS BE GRANTED

### *I. INTRODUCTION*

On December 3, 2012, Defendants Blake, Fowler, and Gamble filed a motion to impose filing restrictions on Plaintiff, contending that they are constantly being dragged into court for repetitious litigation of the same, or substantially similar, issues. Defendants Kreefer, Mazzone, Recht, and Wilson, filed their own motion to impose filing restrictions on December 11, 2013. All other Defendants have since joined in the motion. On February 5, 2013, after several continuances, the Court held an evidentiary hearing on the motion and heard arguments from the parties. Present at the hearing were the following: Deva A. Solomon, Esq., for the officer defendants; Kenneth Hopper, Esq., for the lawyer defendants; David L. Wyant, Esq. and Diane G. Senakievich, Esq., for Defendants Smith, VanCamp, and Ohio County; Teresa J. Lyons for the judge defendants and Defendant Kreefer; R. Gregory McDermott for Defendant Hamrick; and J. Todd Bergstrom, Esq., who appeared by telephone, for Defendant State Journal. Plaintiff, who is proceeding *pro se*, appeared in person.

The testimony of Defendant Gamble was offered at the hearing, as well as the introduction

1

of several exhibits by Defendants, most of which were previous filings from state and federal court that showed the final disposition of those cases. All exhibits were admitted into evidence except for one self prepared compilation by Defendant Gamble of all the filings he has responded to in the prior lawsuits.

## II. BACKGROUND

As noted by this Court in its most recent report and recommendation on the motions to dismiss in this matter, Plaintiff, her son Greg Givens, and her brother Dennis Givens, have been quite active in both state and federal court over the past five years. It all traces back to when Greg Givens was arrested on charges of forgery, uttering, and fraudulent schemes relating to the cashing of a Treasury check that was sent to his late grandfather. The state later moved for entry of a *nolle prosequi* after he was found incompetent and unlikely to gain competency. Judge Recht granted this motion and dismissed the indictments against Greg Givens.

Starting in 2008, Plaintiff began suing the bank that her son cashed the check at, which also brought the issue to the attention of the authorities, its employees, police officers involved, prosecutors, and municipalities. Defendant Gamble represented the bank and its actors in all those lawsuits. When all of those lawsuits were dismissed on the merits, Plaintiff began suing Defendant Gamble and his law firm, presumably for his, and its, representation of the bank in the prior cases. These cases were also dismissed on the merits. During the pendency of this litigation, Plaintiff's son went to Defendant Smith, prosecutor of Ohio County, requesting that charges be brought against Defendant Gamble. Smith declined to pursue these claims. Plaintiff's son and brother were then granted access to the grand jury, where they obtained indictments against Defendant Gamble for allegedly forging a proposed order in one of the aforementioned civil cases, and for allegedly

2

forging a certified return receipt postcard associated with one of those cases.[1]

In response to the citizen obtained indictments, Defendant Furbee, a special prosecutor, was appointed. After investigating the claims, Defendant Furbee recommended that the indictments be dismissed. Judge Mazzone issued an order dismissing these indictments, two of the defendant judges denied later requests by Plaintiff to appear before the grand jury, and filing restrictions were eventually imposed upon Plaintiff in Ohio County. All of this led to Plaintiff's son's and brother's next action against Robert G. McCoid, counsel for Defendant Gamble in the criminal case initiated by Plaintiff, and every news outlet that reported on the matter. These cases were, likewise, dismissed. That brings us to the current point, where Plaintiff is now suing every person that participated in the prior lawsuits. Because the number, nature, and dispositions of these prior suits is important to the instant motion, the Court will go through each one.

*A. Suits by Greg Givens*

On January 4, 2008, Greg Givens filed his first complaint in this Court, Civil Action No. 5:08-cv-25, against Defendants Main Street Bank; William Criswell; Rebecca Randolph; United Bank-Wheeling; United Bank-Dunbar; Roselyn J. Cantini; Ohio County, West Virginia; Ohio County Prosecutor's Office; Wheeling Police Department; and John Doe I. On July 22, 2010, this Court granted summary judgment in favor of the last remaining plaintiffs because, as summary judgment demands, there were no genuine disputes of material facts and defendants were entitled to judgment as a matter of law. The Fourth Circuit summarily affirmed.

Before the case pending in this Court reached its final disposition, Greg Givens filed two complaints in the Circuit Court of Ohio County, Civil Action Numbers 10-C-43 and 10-C-103, filed

---

[1] It should be noted that West Virginia allows a citizen to petition a circuit judge to appear before the grand jury. State *ex rel* Miller v. Smith, 285 S.E.2d 500 (W. Va. 1981).

on February 8, 2010, and March 23, 2010, respectively. Those cases, which had the same, or substantially similar parties as the federal action, were consolidated. On September 20, 2012, Judge Wilson granted summary judgment to all defendants. Not to be deterred, Plaintiff filed two more civil actions in two separate counties, in early February 2011. First, he filed an action in Ohio County, Civil Action 11-C-35, against Main Street Bank, its employees, and Keith Gamble and his law firm. Second, he filed an action in Monongalia County, Civil Action 11-C-75 naming Keith Gamble and his law firm as defendants. Again, the Courts dismissed the actions with prejudice.

On May 1, 2012, Greg Givens filed another action in this Court, naming several news outlets and Keith Gamble's attorney, who defended Mr. Gamble against the criminal indictment obtained by Greg Givens. Again, although different parties, all complaints stemmed from events that occurred as outlined above. Finally, the instant action was filed, naming everyone involved in the prior lawsuits that has not already been sued. In all, Greg Givens has filed seven civil actions against everyone he could conjure up that had something to do with the previous lawsuits filed.

## B. Suits by Dennis Givens

Dennis Givens has followed right in line with the lawsuits filed by his nephew. On February 9, 2010, Dennis Givens filed his first complaint in state court, Civil Action 10-C-42, against Main Street Bank, its employees, Defendant Gamble and his firm, and others, which was identical to the first suits filed by his nephew. A month later, Dennis Givens filed his second complaint, Civil Action 10-C-102, which was identical to the first and filed in the same county as the first. Those actions were consolidated and dismissed on the merits in May 2011. On February 1, 2011, Dennis Givens filed his third complaint, Civil Action 11-C-36, which was consolidated with a case filed by his nephew and dismissed on the merits.

As did his nephew, Dennis Givens switched strategies and moved his filing to another county, filing his fourth complaint, Civil Action 11-C-74, on February 4, 2011, and to federal court, filing his fifth complaint, Civil Action 5:12-cv-62, on April 30, 2012. Again, both complaints were dismissed on the merits. Finally, Dennis Givens filed Civil Action 5:12-cv-145, which is identical to the instant action, on September 28, 2012. In all, Dennis Givens has filed six civil actions relating to the same series of events.

### *C. Suits by Carol L. Gray Pizzuto*

Carol Pizzuto's first civil action was filed in state court, Civil Action 10-C-12, and removed to this Court, Civil Action 5:10-cv-17. That case, which named the now familiar defendants, was dismissed on the merits, and summarily affirmed by the Fourth Circuit. Ms. Pizzuto filed her second complaint in state court, Civil Action 10-C-101, on March 23, 2010. That, too, was dismissed on the merits. Finally, Ms. Pizzuto filed Civil Action 5:12-cv-149, which is identical to the instant case. In all, Ms. Pizzuto has filed three civil actions relating to the same series of events.

### *III. DISCUSSION*

The All Writs Act, 28 U.S.C. § 1651(a), provides federal courts with the power to limit access to the courts by "vexatious and repetitive litigants." *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir.2004). This statutory power is tempered by a party's constitutional guarantees of due process of law and access to the courts. U.S. CONST. amend. XIV, § 1; *Cromer*, 390 F.3d at 817. A pre-filing injunction is a drastic remedy, which "must be used sparingly," *Cromer*, 390 F.3d at 817, with the following four factors being relevant to the inquiry:

> [A] court must weigh all the relevant circumstances, including (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended

5

> to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

*Cromer*, 390 F.3d at 818.

Moreover, a litigant must receive notice and an opportunity to be heard before the Court issues any such restriction. *Id*. at 819. As mentioned above, this Court held an evidentiary hearing and argument where Plaintiff proffered why the Court should not impose filing restrictions. "Before examining each prong, this Court notes that, because the plaintiff is proceeding pro se, this Court is approaching this issue with 'particular caution,' understanding that a pre-filing injunction against a pro se plaintiff should 'remain very much the exception to the general rule of free access to the courts.'" *Petros v. Boos*, 5:10cv77, 2010 WL 4513797, *1 (N.D.W.V. Nov. 2, 2010) (quoting *Cromer*, 390 F.3d at 819).

First, the Court has already delineated the filings by Plaintiff, and although the Defendants in this action might be different from previous actions, with the exception of Gamble, all of the cases have been the result of a snowball effect from Greg Given's arrest five years ago and deal with the same set of events. She has sued everybody that has come into contact with that case, and courts have consistently found the claims to be without merit. Not only are the actions duplicative in that sense, the Court can only conclude that these actions are brought with the intentions of harassing the Defendants and draining them of their time and resources. Similarly, because so many courts have weighed in on the merits of the claims, the Court cannot find that the actions are being brought with a good faith basis.

Third, the Court must look to the burden on itself, and the parties involved. Defendant Gamble testified during the evidentiary portion of the February 13, 2013 hearing, that he and his

firm have spent more than $192,000 defending its client Main Street Bank in these prior lawsuits. This figure excludes any work defending himself and his law firm in the prior civil and criminal actions, including work on the instant case, and in responding to state bar association complaints lodged against him. Moreover, a considerable amount of judicial resources has been expended on Plaintiff's civil actions. Finally, the Court finds that no alternative sanctions would be adequate.

## IV. CONCLUSION & RECOMMENDATION

In sum, the courts have given Plaintiff ample opportunity to develop her allegations against these and other Defendants, allowing discovery to proceed at length and affording her the utmost deference afforded to all *pro se* Plaintiffs. However, it appears now that Plaintiff has become complacent in this leniency and has compiled quite the history of filing baseless lawsuits, initiated solely to harass every party that has come into contact with her son's arrest more than five years ago. She has subjected a substantial number of people to the expense and time involved in defending a lawsuit, and it appears that nothing short of a pre-filing injunction will stop this harassment. Accordingly, the undersigned **RECOMMENDS** that Plaintiff should not be allowed to file a civil action in this Court related to any party's involvement in the prior lawsuits without first obtaining leave of Court. This restriction is both necessary, and narrowly tailored to fit the particular circumstances of this case.

Any party may, within fourteen [14] days of the filing of this recommendation, file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the United States District Judge of record. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based

upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985): *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* Plaintiff by certified mail, return receipt requested, to their last known address as reflected on the docket sheet, and to any other counsel of record, as applicable.

DATED: March 1, 2013                    /s/ *James E. Seibert*
                                        JAMES E. SEIBERT
                                        UNITED STATES MAGISTRATE JUDGE