IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CAROL L. GRAY PIZZUTO,

    Plaintiff,

v.                                Civil Action No. 5:12CV149
                                        (STAMP)

SCOTT R. SMITH, KEITH C. GAMBLE,
STEPHEN M. FOWLER, D. LUKE FURBEE,
OFFICER S.A. ZIMMERMAN,
OFFICER D.L. ROBINSON,
HONORABLE JAMES P. MAZZONE,
HONORABLE ARTHUR M. RECHT,
HONORABLE RONALD E. WILSON,
KENNETH W. BLAKE, JULIE L. KREEFER,
and TONI VANCAMP,
individually and collectively,

    Defendants.

**MEMORANDUM OPINION AND ORDER
OVERRULING OBJECTIONS AND
AFFIRMING ORDER OF THE MAGISTRATE JUDGE**

I.  Background

The pro se[1] plaintiff initiated this action in this Court by filing a civil rights complaint which alleges that all of the named defendants have conspired to deprive her of fair access to the courts. The plaintiff's complaint alleges violations of the First and Fourteenth Amendments of the United States Constitution and asserts causes of action under 42 U.S.C. §§ 1981, 1982, 1983, and 1985. Pursuant to 28 U.S.C. § 1915(e) and 28 U.S.C. § 636, this Court then referred the plaintiff's complaint to the Honorable

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

James E. Seibert, United States Magistrate Judge, for report and recommendation.

Thereafter, the defendants all filed motions to dismiss.[2] Following the full briefing of all of the defendants' motions, Magistrate Judge Seibert issued a report and recommendation recommending that this Court dismiss the plaintiff's complaint as to all defendants except defendant Officer S.A. Zimmerman ("Zimmerman"). This Court affirmed the report and recommendation in its entirety. Thus, Zimmerman is the only defendant that remains in this action. A more detailed history of the case is provided in this Court's July 1, 2013 order. ECF No. 107.

The plaintiff then filed a motion to compel discovery and for sanctions on October 18, 2013. The plaintiff's motion arose from an exchange of letters between the two parties. First, the plaintiff did not respond to the deposition request by the defendant but instead sent a letter to the defendant stating that the plaintiff should be allowed to conduct depositions first. The persons to be deposed that the plaintiff listed are former defendants in this action and did not include Zimmerman. The defendant responded to this letter by informing the plaintiff that:

---

[2]Defendants Blake, Fowler, and Gamble filed a joint motion to dismiss (ECF No. 20). Defendants Mazzone, Recht, Wilson, and Kreefer also filed a joint motion to dismiss (ECF No. 22), defendants Robinson, and Zimmerman filed a joint motion to dismiss (ECF No. 24), and defendants Furbee and VanCamp filed a joint motion to dismiss (ECF No. 28). Finally, defendant Smith filed an individual motion to dismiss (ECF No. 26).

(1) she had not responded to the defendant's notice and (2) he did not agree to the plaintiff taking depositions first. The plaintiff then sent another letter to the defendant asking for the availability of former defendants and Zimmerman, but did not mention the unanswered request by the defendant. This exchange was then repeated (defendant asking for dates and plaintiff responding by asking for dates). Thereafter, the plaintiff filed the underlying motion to compel discovery and for sanctions.

The plaintiff contends in her motion to compel that Zimmerman has acted with undue delay, with the intent to make himself unavailable for testimony, and has attempted to obstruct the discovery process. To support this assertion, the plaintiff stated that she has filed notice with the defendant at least four times as to issues of discovery and to request the availability of the defendant for a deposition. She contends that the defendant, through counsel, has not complied with the discovery requirements of the Federal Rules of Civil Procedure.

Zimmerman filed a response, arguing that he had requested that the plaintiff provide dates of availability to be deposed. The defendant further contends that the deposition of the plaintiff must be taken first in order to narrow the issues and prepare his own discovery plan. The plaintiff then filed a supplement to her motion stating that she has attempted to work with the defendant and provide her schedule to him but she has received no response.

The magistrate judge entered an order denying the plaintiff's motion to compel without an oral hearing. The magistrate judge found that the plaintiff's motion was premature and that the plaintiff had not satisfied the requirement of good faith conferral with Zimmerman. Further, he ordered that the plaintiff's deposition be taken first.

A notice of deposition was filed by the defendant ten days after the magistrate judge's order was entered with a deposition date of the plaintiff being noticed for November 19, 2013. The plaintiff then filed objections on November 15, 2013, fourteen days after the magistrate judge's order was entered. The plaintiff's objections argue that (1) the magistrate judge drew conclusions from the point of view of the defendant, (2) the magistrate judge is showing favoritism to the defendant, (3) the magistrate judge failed to acknowledge that the defendant has not responded to several of the plaintiff's requests, and (4) the magistrate judge abused his discretion by exercising wide latitude in allowing one party to be deposed before the other.[3]

For the reasons set forth below, this Court adopts and affirms the magistrate judge's order in its entirety.

---

[3]Despite the objections filed by the plaintiff, her deposition was taken November 19, 2013. The parties are disputing the validity of this deposition, and those issues have been addressed separately in the magistrate judge's report and recommendation which was entered April 23, 2014. ECF No. 198. This Court will consider that report once the parties have had an opportunity to file objections if necessary.

4

## II. Applicable Law

As to nondispositive pretrial matters, a magistrate judge's ruling may be reversed only on a finding that the order is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). In light of the broad discretion given to a magistrate judge in the resolution of nondispositive discovery disputes, the court should only overrule a magistrate judge's determination if this discretion is abused. Detection Sys., Inc. v. Pittway Corp., 96 F.R.D. 152, 154 (W.D. N.Y. 1982).

## III. Discussion

The magistrate judge found that the plaintiff had not made a request for a deposition of the defendant until after the defendant requested dates for the plaintiff's deposition. Further, he found that there was no evidence to support her assertion that she had made at least four requests. Thus, he denied the motion to compel because the plaintiff had not acted in good faith by not allowing the defendant time to respond before filing the motion to compel.

The magistrate judge then went on to find that the plaintiff should be deposed first because (1) the plaintiff has been provided great deference as a pro se litigant and has been allowed to

5

proceed against Zimmerman with very general, conclusory, and vague allegations. Thus, she needs to be deposed first so that the issues can be narrowed and the scope of allowable discovery better defined; and (2) plaintiff has offered no "cogent reasoning" for her insistence that the defendant be deposed first.

"A party who wants to depose a person by oral questions must give reasonable written notice to every other party. The notice must state the time and place of the deposition and, if known, the deponent's name and address." Fed. R. Civ. P. 30(b)(1). Further,

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending--or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action.

Fed. R. Civ. P. 26.

As the magistrate judge found, neither party had served a notice of deposition pursuant to Rule 30 at the time the plaintiff filed her motion to compel because the parties could not agree on a time and place to take the deposition. Further, the magistrate judge found that the plaintiff's description of the events underlying this motion were not accurate. He found that the plaintiff had not made four requests upon Zimmerman or made requests before Zimmerman himself requested depositions. As such, the magistrate judge's finding that the plaintiff has not shown that she conferred with Zimmerman in good faith was not clearly

6

erroneous or contrary to law.  The plaintiff filed her motion to compel before allowing the defendant time to respond and further provided an inaccurate picture of the requests she made of the defendant.

As stated above, the magistrate judge also found that the plaintiff should be deposed first so as to narrow the issues and define the scope of allowable discovery in this action.  The magistrate judge reasoned that because the plaintiff had initially disclosed forty persons as potential witnesses that there were compelling reasons to have the plaintiff deposed first.  As the Court may exercise its broad discretion to allow one party to be deposed before other discovery takes place, this Court finds that the magistrate judge's finding that the plaintiff should be deposed first was neither clearly erroneous nor contrary to law.  See Fed. R. Civ. P. 26; Crawford-El v. Britton, 523 U.S. 574, 598 (1998); Hill v. Forward Air Solutions, Inc., Civil Action No. 3:10-CV-0665, 2011 WL 1130868 (W.D. N.C. Mar. 24, 2011).

As to the plaintiff's objections, the magistrate judge did not show favoritism toward Zimmerman but rather followed the applicable law.  Further, the magistrate judge used the evidence that was provided to him which showed that the plaintiff's recitation of the facts underlying her motion was not accurate.  Accordingly, the magistrate judge's order is affirmed, the plaintiff's motion was properly denied.

IV. <u>Conclusion</u>

Based on the analysis above, this Court finds that the magistrate judge's order denying the plaintiff's motion to compel discovery and for sanctions is AFFIRMED in its entirety. Further, the plaintiff's objections to that order are OVERRULED. Accordingly, the plaintiff's motion to compel discovery and for sanctions is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order by certified mail to the <u>pro se</u> plaintiff and to counsel of record herein.

DATED: April 29, 2014

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE