IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CAROL L. GRAY PIZZUTO,

    Plaintiff,

v.                                      Civil Action No. 5:12CV149
                                               (STAMP)

SCOTT R. SMITH, KEITH C. GAMBLE,
STEPHEN M. FOWLER, D. LUKE FURBEE,
OFFICER S.A. ZIMMERMAN,
OFFICER D.L. ROBINSON,
HONORABLE JAMES P. MAZZONE,
HONORABLE ARTHUR M. RECHT,
HONORABLE RONALD E. WILSON,
KENNETH W. BLAKE, JULIE L. KREEFER,
and TONI VANCAMP,
individually and collectively,

    Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
DENYING PLAINTIFF'S SCHEDULING MOTIONS,
OVERRULING OBJECTIONS,
AFFIRMING ORDER OF THE MAGISTRATE JUDGE AND
DENYING PLAINTIFF'S MOTION TO STRIKE AND
PLAINTIFF'S MOTION TO TAKE JUDICIAL NOTICE
AND ADMISSION OF EVIDENCE**

I.   Background

The pro se[1] plaintiff initiated this action in this Court by filing a civil rights complaint which alleges that all of the named defendants have conspired to deprive her of fair access to the courts. The plaintiff's complaint alleges violations of the First

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

and Fourteenth Amendments of the United States Constitution and asserts causes of action under 42 U.S.C. §§ 1981, 1982, 1983, and 1985. Pursuant to 28 U.S.C. § 1915(e) and 28 U.S.C. § 636, this Court then referred the plaintiff's complaint to the Honorable James E. Seibert, United States Magistrate Judge, for report and recommendation.

Thereafter, the defendants all filed motions to dismiss.[2] Following the full briefing of all of the defendants' motions, Magistrate Judge Seibert issued a report and recommendation recommending that this Court dismiss the plaintiff's complaint as to all defendants except defendant Officer S.A. Zimmerman ("Zimmerman"). This Court affirmed the report and recommendation in its entirety. Thus, Zimmerman is the only defendant that remains in this action. A more detailed history of the case is provided in this Court's July 1, 2013 order. ECF No. 107.

The parties then engaged in a series of exchanges which ultimately led to the plaintiff filing a motion to compel the defendant's deposition. The magistrate judge entered an order denying the plaintiff's motion to compel without an oral hearing. The magistrate judge found that the plaintiff's motion was

---

[2]Defendants Blake, Fowler, and Gamble filed a joint motion to dismiss (ECF No. 20). Defendants Mazzone, Recht, Wilson, and Kreefer also filed a joint motion to dismiss (ECF No. 22), defendants Robinson, and Zimmerman filed a joint motion to dismiss (ECF No. 24), and defendants Furbee and VanCamp filed a joint motion to dismiss (ECF No. 28). Finally, defendant Smith filed an individual motion to dismiss (ECF No. 26).

2

premature and that the plaintiff had not satisfied the requirement of good faith conferral with Zimmerman. Further, he ordered that the plaintiff's deposition be taken first. Despite her objections, the plaintiff participated in a deposition. Based on this series of events, the plaintiff filed two more motions to compel the defendant's deposition and a motion to strike her deposition testimony. Further, the plaintiff's most recent motions, a motion for this Court to take judicial notice and a motion to strike deposition testimony as hearsay, arise out of the same exchange.

After the plaintiff filed the motion to compel and the motion to strike, the defendant filed a motion for summary judgment based on testimony she gave at her deposition in which she testified that she did not personally have a claim against Zimmerman. The plaintiff then filed a motion to amend her complaint in order to add two more defendants, a motion to retain experts, two motions to strike the defendant's reply, two motions to amend the scheduling order and deadlines in this action, and a motion for contempt. The defendant, in response, filed a motion for sanctions and a motion to strike the plaintiff's motion to retain experts.

Magistrate Judge Seibert issued a report and recommendation recommending that this Court grant the defendant's motion for summary judgment and deny as moot the plaintiff's scheduling motions. Further, the magistrate judge held that the remaining motions were denied. The plaintiff has filed objections to the

recommendations and findings of the magistrate judge. The defendant did not file objections. However, the defendant did file a response to the plaintiff's objections to the report and recommendation in which he argued that the plaintiff's objections should not be considered by this Court because of their generality.[3]

For the reasons that follow, this Court affirms and adopts the magistrate judge's recommendations that the motion for summary judgment be granted and the plaintiff's two scheduling motions be denied as moot. Further, this Court affirms the magistrate judge's holdings as to the other motions that were pending in this action for which objections were received. Finally, this Court denies the plaintiff's motion to strike and the plaintiff's motion for judicial notice.

## II. Applicable Law

### A. Motion for Summary Judgment and Plaintiff's Scheduling Motions

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a

---

[3]In an abundance of caution, this Court will consider the objections by the plaintiff. The Court has considered five allegations made by the plaintiff as objections to the defendant's motion for summary judgment and has considered the remainder of the plaintiff's objections as objections to the magistrate judge's denial of the plaintiff's nondispositive motions pursuant to a clearly erroneous standard. See supra *7.

4

magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). The plaintiff has filed objections and this Court will review the portions of the magistrate judge's report and recommendations with which these objections take issue <u>de novo</u>. All portions of the report and recommendations to which the plaintiff has not objected are reviewed for clear error.

B. <u>Nondispositive Pretrial Motions</u>

As to nondispositive pretrial matters, a magistrate judge's ruling may be reversed only on a finding that the order is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." <u>United States v. United States Gypsum Co.</u>, 333 U.S. 364, 395 (1948). In light of the broad discretion given to a magistrate judge in the resolution of nondispositive discovery disputes, the court should only overrule a magistrate judge's determination if this discretion is abused. <u>Detection Sys., Inc. v. Pittway Corp.</u>, 96 F.R.D. 152, 154 (W.D. N.Y. 1982).

III. Discussion

A. Motion for Summary Judgment and Plaintiff's Scheduling Motions

    1. Motion for Summary Judgment

To reiterate, this Court has dismissed several of the defendants in this action and claims that were initially brought by the plaintiff. Thus, the only remaining claim the plaintiff has in this action is her allegation that Zimmerman leaked information in order to deprive the plaintiff of her constitutional rights. The magistrate judge found in his report and recommendation that it was clear that Zimmerman was a state actor when the actions complained of occurred. Thus, the magistrate judge focused on whether the plaintiff has shown that Zimmerman violated the plaintiff's constitutional rights by leaking information.

The defendant, in his motion for summary judgment, argued that there was no genuine issue of material fact supporting the plaintiff's claim because she admitted in her deposition that it was Dennis Givens who gave Zimmerman the alleged confidential documents and that the documents were not related to her nor belonged to her. Thus, the plaintiff cannot show that she has a legitimate expectation of privacy in the documents or that she was foreclosed from use of the courts by the leak of documents unrelated to her. The magistrate judge found that the deposition transcript was credible and thus adopted Zimmerman's argument to

find that there were no genuine issues of material fact in this action.

Further, the magistrate judge found that the plaintiff could not support her argument for more discovery under Federal Rule of Civil Procedure 56(d). The magistrate judge found that the plaintiff's request to depose the defendant would not unearth evidence that would create a genuine issue of material fact. Additionally, the magistrate judge reasoned that the plaintiff was not entitled to more discovery as she was the one who foreclosed an opportunity to depose Zimmerman (by not fulfilling her discovery obligations).

The plaintiff provides several objections to the magistrate judge's report and recommendations granting the motion for summary judgment: (1) Keith Gamble has been indicted for utterance which is evidence that something has gone awry here; (2) the plaintiff has not had the opportunity to depose the defendant; (3) Zimmerman was aware that the documents were her documents because of previous encounters they had while in state court; (4) Zimmerman also failed to fully investigate her criminal complaint; and (5) the deposition transcript is incorrect and the plaintiff was misled by Zimmerman's attorney. She also provides the same arguments as made in her numerous motions, for example, that Zimmerman cited the West Virginia Rules of Civil Procedure instead of the Federal Rules of Civil Procedure in the notice of her deposition.

7

The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)). However, as the United States Supreme Court noted in Anderson, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Id. at 256. "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial-whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979) (Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950))).

Further, summary judgment is generally appropriate only after adequate time for discovery. Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 961 (4th Cir. 1996). "[S]ummary judgment must be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." Anderson, 477 U.S. at 250 n.5. However, "great weight [is placed] on the [Federal Rule of Civil Procedure] Rule [56(d)] affidavit, believing that a party may not simply assert in its brief that discovery was necessary and thereby overturn summary judgment when it failed to comply with the requirements of Rule [56(d)] to set out reasons for the need for discovery in an affidavit." Evans, 80 F.3d at 961. In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

First, this Court will not consider the plaintiff's objection (number 4 above) that Zimmerman failed to fully investigate her criminal complaint as that claim has been dismissed by this Court. Further, as explained below, this Court finds that the magistrate judge's recommendation to grant the defendant's motion for summary judgment should be affirmed and adopted.

The plaintiff's first objection, that Keith Gamble has been indicted for utterance which is evidence that something has gone awry here, does not provide a genuine issue of material fact. The

9

conduct of Keith Gamble is not at issue here, rather, the conduct of Zimmerman is at issue. This objection is thus overruled as it does not provide evidence that would support a finding that the plaintiff should be allowed to continue this litigation based on the claim that Zimmerman dispersed confidential information in violation of her constitutional rights.

The next objection by the plaintiff, that the plaintiff has not had the opportunity to depose the defendant, must also be overruled. In this action, the plaintiff foreclosed the need for a deposition of the defendant by stating that her claim was frivolous and that in fact she had no right to bring the claim on behalf of Dennis Givens. Thus, the plaintiff's objection is not supported by the deposition transcript (see ECF No. 198 *2-5 for pertinent deposition testimony by the plaintiff) and the series of events that have occurred in this action to make it unnecessary for Zimmerman's deposition to be taken. Further, the plaintiff's own conduct of not completing her deposition also foreclosed an opportunity to depose the defendant as she did not comply with the magistrate judge's underlying order that her deposition be completed first before the defendant's deposition. ECF No. 151.

As to the plaintiff's third and fifth objections, that Zimmerman was aware that the documents were her documents because of previous encounters they had while in state court and that the deposition transcript is incorrect and the plaintiff was misled by

10

Zimmerman's attorney, these claims are unfounded. The plaintiff has provided no evidence for such assertions in her objections other than a letter from the court reporter who recorded her deposition, her own assertions, and an affidavit completed by Greg Givens.

The letter from the court reporter actually provides more support for the defendant's version of the plaintiff's deposition than that of the plaintiff's position. The letter states that the court reporter is unaware of any unauthorized versions of the plaintiff's deposition and further states that the court reporter has "never been 'strong armed' into making additions, deletions, or alterations" to the plaintiff's deposition. ECF No. 202-1. This eyewitness testimony of the deposition provides this Court with an insight into what happened at the deposition, along with the provided deposition transcript, and does not support the accusations made by the plaintiff in her objections. Additionally, the plaintiff provides no evidence other than her own bare assertions that Zimmerman was aware that the documents she gave him were her own. To the contrary, the plaintiff has testified inapposite to the argument the plaintiff is now asserting.

Finally, the affidavit of Greg Givens provides a possibly biased piece of evidence to support the plaintiff's assertions as Mr. Givens has an action now pending against Zimmerman in this Court, <u>Givens v. Smith, et al.</u>, Civil Action No. 5:12CV155 (N.D. W.

11

Va.).  However, even without taking into account the possible bias, the affidavit provides nothing more than bare assertions that Zimmerman's deposition testimony in the <u>Givens</u> case would provide evidence to support a finding that the motion for summary judgment should not be granted.

Again, "a party may not simply assert in its brief that discovery was necessary . . . ."  <u>Evans</u>, 80 F.3d at 961.  Based on the plaintiff's unfounded allegations and the plaintiff's misrepresentation of evidence, this Court finds that the plaintiff has done just that, merely asserted without basis that discovery is still necessary and summary judgement should not be granted in this action.

    2. <u>Plaintiff's Scheduling Motions</u>

The magistrate judge recommended that the plaintiff's motion to amend the scheduling order and the plaintiff's motion to extend deadlines be denied as moot.  As this Court has adopted and affirmed the magistrate judge's recommendation to grant the defendant's motion for summary judgment and thus dismiss this action, this Court also upholds the magistrate judge's recommendation to deny these scheduling motions as moot.

B. <u>Nondispositive Pretrial Motions</u>

As stated previously, several nondispositive motions were filed by the parties throughout the litigation of this matter.  The defendant did not file objections to the magistrate judge's order

denying the defendant's motion to strike the plaintiff's motion to retain experts or the defendant's motion for sanctions. As such, this Court will not review those motions. However, given the broad objections by the plaintiff, this Court will dispose of the plaintiff's remaining motions below.

    1. <u>Plaintiff's Motion to Compel</u>

The plaintiff argues in this motion that the defendant should be compelled to complete a deposition as the plaintiff has completed her deposition pursuant to the magistrate judge's order. The magistrate judge found, however, that the plaintiff did not complete her deposition and thus the defendant was not required to provide dates for his deposition. This Court finds that the finding by the magistrate judge is not clearly erroneous and must be affirmed because the deposition transcript provides evidence that the plaintiff did not complete her deposition and thus the defendant was not required to provide dates for his deposition. <u>See</u> ECF No. 198 *2-5 (providing pertinent testimony from the plaintiff's deposition).

    2. <u>Plaintiff's Motion to Strike the Plaintiff's Deposition</u>

The plaintiff argues in this motion that she was not provided proper notice of her deposition because the defendant cited the West Virginia Rules of Civil Procedure rather than the Federal Rules of Civil Procedure in the notice for the deposition. Further, the plaintiff contends that the deposition transcript has

been changed to make it seem like the plaintiff had agreed to dismiss this action. The magistrate judge found the first argument to be moot as the parties had discussed the rules to be applied prior to her deposition being taken and found the second argument as frivolous and unfounded. Again, this Court must uphold the finding of the magistrate judge as the deposition transcript shows that the parties had discussed the rules to be applied prior to the plaintiff's deposition and the plaintiff has been unable to provide substantiated evidence that changes have been made to her deposition transcript. See ECF No. 198 *2-5 (providing pertinent testimony from the plaintiff's deposition); ECF No. 202-1 (wherein the court reporter states that she is unaware of altered versions of the plaintiff's deposition transcript).

    3.   <u>Plaintiff's Motion to Amend Complaint</u>

The plaintiff seeks to add two new defendants to the complaint but does not seek any other amendments to the complaint. The magistrate judge found that the amendment proposed would be futile and subject to immediate dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). This Court finds that the proposed amendment by the plaintiff would be futile as the amendment simply makes the same claims against the two new defendants as the plaintiff has made against Zimmerman.

Leave to amend should be denied "only when the amendment would be prejudicial to the opposing party, there has been bad faith on

the part of the moving party, or the amendment would be futile." Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999) (citation omitted). The amendment the plaintiff seeks to add reiterates the same arguments the plaintiff has made against Zimmerman but simply attempts to add the defendants as they were "part and parcel" to the complained of conduct by Zimmerman. This Court has already found that summary judgment is appropriate as the plaintiff has been unable to substantiate the claim against Zimmerman. Accordingly, the same claim, without evidence to substantiate it, would be futile. Thus, the Court finds that the magistrate judge's denial of the plaintiff's motion was not clearly erroneous pursuant to Federal Rule of Civil Procedure 15 because the amendment would be futile. As such, the finding is affirmed.

4. Plaintiff's Motion to Retain Experts

As to the plaintiff's motion to retain experts, the magistrate judge denied this motion because the plaintiff is free to retain experts without the Court's permission. Further, the magistrate judge found that if this was an expert witness disclosure, it did not comply with Federal Rule of Civil Procedure 26(a)(2). At a minimum, a witness disclosure must provide "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed R. Civ. P. 26(a)(2). As the magistrate judge found, the plaintiff did

15

not provide the information described above (which does not even include the additional requirements for an expert witness) in either her motion to retain experts or her disclosure of possible witnesses. Thus, the magistrate judge's finding was not clearly erroneous.

    5. <u>Plaintiff's Motions to Strike the Defendant's Replies</u>

The plaintiff argues in two separate motions, a motion to strike the defendant's reply to response to motion for sanctions and a motion to strike the defendant's reply to response to motion for summary judgment, that the Local Rules of Civil Procedure do not allow the filing of reply briefs. The magistrate judge notes in his order that he had previously informed the plaintiff that the Local Rules do not allow surreplies without leave of court but do allow replies. Thus, the magistrate judge denied these motions as the plaintiff should now be aware of the proper motions practice in this Court and her motions are unfounded. This Court affirms the magistrate judge's finding as it is not clearly erroneous pursuant to Local Rule of Civil Procedure 7.02 which states that a reply may be filed without leave but that the filing of a surreply requires leave of court.

    6. <u>Plaintiff's Motion for Contempt</u>

The plaintiff argues in this motion that the defendant should be held in contempt for not providing dates for his deposition. The magistrate judge found that because the plaintiff did not

16

fulfill her deposition obligation, the defendant was not required to provide dates. This Court has previously upheld the magistrate judge's order that the plaintiff complete her deposition before the defendant was required to complete his. ECF No. 200. As such, this Court finds that the magistrate judge's finding denying the plaintiff's motion for contempt is not clearly erroneous as the plaintiff did not complete her deposition. See ECF No. 198 *2-5.

C. <u>Plaintiff's Motion to Strike and Motion for Judicial Notice</u>

    1. <u>Motion to Strike</u>

In her motion to strike, the plaintiff argues that there is a discrepancy in Zimmerman's pleadings and filings and that any testimony given by her during her deposition that is deemed hearsay should be excluded. The plaintiff cites Federal Rule of Evidence 801 in support of her assertion that her testimony should be stricken.

However, a party admission is not hearsay pursuant to the Federal Rules of Evidence. The rule cited by the plaintiff herself states that if a "statement is offered against an opposing party and . . . was made by the party in an individual or representative capacity," it is not hearsay. Fed. R. Evid. 801. In this case, the statements the plaintiff is attempting to strike are her own from the deposition testimony. Thus, those statements are party admissions as they were made by the plaintiff in her individual capacity and are offered by the defendant (an opposing party) in

17

his motion for summary judgment against the plaintiff. Thus, the plaintiff's motion must be denied.

2. Motion for Judicial Notice

In her motion for judicial notice, the plaintiff again asserts her allegations against Keith Gamble and offers the same evidence that this Court has now found is unsupported or does not have a determinative effect on this action. As such, the Court declines to take judicial notice of the plaintiff's allegations and evidence in her motion for judicial notice. Thus, the motion is denied.

IV. Conclusion

Based on the above, the report and recommendation of the magistrate judge (ECF No. 198) is AFFIRMED and ADOPTED and the plaintiff's objections thereto are OVERRULED. As such, the defendant's motion for summary judgment (ECF No. 164) is GRANTED; the plaintiff's motion to amend the scheduling order (ECF No. 188) is DENIED AS MOOT; and the plaintiff's motion to extend deadlines (ECF No. 189) is DENIED AS MOOT.

Further, the order of the magistrate judge as to the nondispositive motions is AFFIRMED and the plaintiff's objections thereto are OVERRULED. Thus, the plaintiff's motions to compel the defendant's deposition (ECF Nos. 157 and 174) are DENIED; the plaintiff's motion to strike deposition testimony (ECF No. 158) is DENIED; the plaintiff's motion for leave to amend complaint (ECF No. 166) is DENIED; the plaintiff's motion to retain experts (ECF

No. 169) is DENIED; the plaintiff's motion to strike defendant's reply to response to motion for sanctions (ECF No. 186) is DENIED; the plaintiff's motion to strike defendant's reply to response to motion for summary judgement (ECF No. 187) is DENIED; and the plaintiff's motion for contempt (ECF No. 196) is DENIED.

Finally, the plaintiff's motion to take judicial notice (ECF No. 204) and the plaintiff's motion to strike statement of plaintiff deemed hearsay (ECF No. 205) are DENIED.

It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, she is ADVISED that she must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and by certified mail to the pro se plaintiff. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:      May 22, 2014

                                        /s/ Frederick P. Stamp, Jr.
                                        FREDERICK P. STAMP, JR.
                                        UNITED STATES DISTRICT JUDGE